NO. 07-11-0506-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

JULY 18, 2012
_____

GAYLE SAUNDERS, Individually, and as Personal Representative
of the Estate of HAROLD SAUNDERS, Deceased, AND SARAH
SAUNDERS,

Appellants

v.

NATHAN SCOTT ROBINS, M.D.,

Appellee
_____

FROM THE 237TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2009-546,399; HONORABLE LESLIE HATCH, PRESIDING
_____

*Memorandum Opinion*
_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Gayle Saunders, individually and as representative of the estate of Harold Saunders, and Sarah Saunders sued Dr. Nathan Robins for medical malpractice. The opinions of an expert were submitted by the Saunders to support their claim. However, they were struck by the trial court to the extent they related to a breach of the pertinent standard of care and proximate cause between the breach and injury. According to that court, the opinions relating to the breached standard of care were internally inconsistent

and those relating to causation lacked "adequate foundation." This then led the trial court to grant Robins' no-evidence summary judgment on both breaching the standard of care and causation.

The Saunders appealed the trial court's decision to strike the testimony and grant summary judgment. They did so by arguing that their expert's opinions were not inconsistent. No attack was levied upon the ruling that they also lacked adequate foundation, however. Thus, there remains one ground upon which the trial court's evidentiary ruling may be upheld (*i.e.*, that the averments about the breach proximately causing injury lacked adequate foundation). Given this and the absence of any other evidence illustrating causation, we have no basis upon which to conclude that the trial court erred in disposing of the suit as it did. *See Duff v. Yelin,* 751 S.W.2d 175, 176 (Tex. 1988) (stating that in a medical malpractice case, the plaintiff must prove the negligence of the defendant proximately caused the injury alleged); *Kimber v. Sideris,* 8 S.W.3d 672, 675-76 (Tex. App.–Amarillo 1999, no pet.) (stating that in reviewing a no-evidence motion for summary judgment, an appellate court must ascertain whether the non-movant produced any evidence of probative force to raise a fact issue on the material questions presented).

Accordingly, the summary judgment is affirmed.


Per Curiam

2